IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. 18-00152 HG |
| Plaintiff, | ) | |
| vs. | ) | |
| HRVOJE TOMIC, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY RELEASE AND PLACEMENT IN A HALFWAY HOUSE (ECF No. 34)**

On September 23, 2019, Defendant, proceeding pro se,[1] filed a motion seeking early release under the First Step Act. (ECF No. 34). Defendant seeks two forms of relief: a determination that he is eligible for early release under the First Step Act and a recommendation from this Court that he be placed in a Residential Reentry Center for the final 12-months of his sentence.

Defendant pled guilty to three counts of bank robbery pursuant to 18 U.S.C. § 2113(a). (ECF No. 22). On February 7, 2019, he was sentenced to 41-months of imprisonment. (ECF No. 32). He is currently incarcerated at FCI Lompoc, in the Central District of California.

---

[1] "Pro se complaints and motions from prisoners are to be liberally construed." United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2000).

1

## I. Eligibility For Early Release Under The First Step Act

Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, prisoners are allowed to earn good time credits which may result in up to 12-months of early release. 18 U.S.C. § 3624(c). Prisoners convicted of certain specified offenses listed in 18 U.S.C. § 3632(d)(4)(D) are not eligible to receive good time credits and early release.

Defendant alleges that he was informed by a prison official that his convictions preclude him from eligibility for early release. He seeks an order from this Court requiring the Bureau of Prisons "to grant me the eligibility for early release." (Def.'s Motion at p. 1, ECF No. 34).

Defendant was convicted of three violations of 18 U.S.C. § 2113(a). Prisoners convicted of bank robbery under 18 U.S.C. § 2113(a) are not excluded from eligibility for early release. See 18 U.S.C. § 3632(d)(4)(D).

A prisoner who is not excluded from eligibility under 18 U.S.C. § 3632(d)(4)(D) is required to earn early release time credits to be deemed suitable for placement in a Residential Reentry Center. 18 U.S.C. §§ 3624(b), (c), (g); 18 U.S.C. § 3632. The Bureau of Prisons is tasked with calculating and applying a prisoner's early release time credits. 18 U.S.C. § 3624(b); United States v. Wilson, 503 U.S. 329, 335 (1992).

If a prisoner is dissatisfied by the Bureau of Prison's

sentencing credit calculation, he may challenge the calculation in federal court through a 28 U.S.C. § 2241 habeas petition. See Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). Before filing a habeas petition an inmate must exhaust the administrative remedies provided by the Bureau of Prisons. See Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984), cert. denied, 470 U.S. 1031 (1985); see Blankenship v. Meeks, Civ. No. 11-00443 DAE-KSC, 2011 WL 4527408, *2 (D. Haw. Sept. 28, 2011). After exhausting his administrative remedies a federal prisoner may file a § 2241 petition in the district in which he is incarcerated. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000); United States v. Pratt, 2019 WL 3229617, at *2 (E.D. Cal. July 18, 2019), report and recommendation adopted, 2019 WL 3769079 (E.D. Cal. Aug. 9, 2019).

This Court lacks jurisdiction to review a Bureau of Prison decision related to Defendant's eligibility for early release under the First Step Act.

**II. Judicial Recommendation For Placement In A Residential Reentry Center**

The Bureau of Prisons has the discretion to place an inmate in a Residential Reentry Center. 18 U.S.C. §§ 3621(b), 3624(c)(1); Sacora v. Thomas, 628 F.3d 1059, 1061-62 (9th Cir. 2010). The Bureau of Prisons is granted the power to designate

prisoner housing because it is in the best position to evaluate whether prisoners meet the requirements for placement in a halfway house or other type of correctional facility. United States v. Bishop, Cr. No. 07-00516 JMS-06, 2015 WL 13235851, at *3 (D. Haw. Oct. 2, 2015); United States v. Phelps, 2019 WL 2291454, at *2 (D. Nev. May 29, 2019).

Defendant has provided the Court with documentation of his commendable efforts to educate and rehabilitate himself while incarcerated. (Def.'s Motion at p. 3, ECF No. 34). The Bureau of Prisons, which is in possession of Defendant's full history of incarceration, is in the appropriate position to evaluate Defendant's placement. Bishop, 2015 WL 13235851, at *3.

It is not within this Court's jurisdiction to issue a binding order to grant the relief requested by Defendant.
//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

Defendant's Motion for an Order Granting Early Release and Placement in a Halfway House (ECF No. 34) is **DENIED**.

IT IS SO ORDERED.

DATED: December 12, 2019, Honolulu, Hawaii.



Helen Gillmor
United States District Judge